**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Farroh Roof and Truss Co., | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Annabelle Homes, LLC, et. al., | ) | Case No. 4:13-cv-005 |
| | ) | |
| Defendants. | ) | |

Plaintiff initiated the above-entitled action on January 1, 2013. On May 2, 2014, pursuant to a stipulation filed by the parties, the court entered an order suspending all pretrial deadlines and cancelling the final pretrial conference and bench trial scheduled in September 2014. There has since been no activity in this case other than periodic status conferences initiated by the court.

The undersigned most recently held a status conference with the parties on March 5, 2015. Immediately thereafter the undersigned issued an order giving the parties until March 16, 2015, to show cause why the above-entitled action should not be dismissed without prejudice for failure to prosecute. The deadline to show cause has now lapsed without a response.

Rule 41(b) gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court...." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir.1999). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also sua sponte dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases." Anthony v. Marion Co.

1

Gen. Hosp., 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting Link v. Wabash R.R. Co., 370 U.S. 626 (1962)); see also Christopher v. Clean Country, Inc., No. 8:07CV273, 2008 WL 80765, at * 1 (D. Neb. 2008) (dismissing case without prejudice for failure to prosecute diligently and for failure to comply with the court's order to show cause).

This litigation, which has now spanned an excess of two years, has been at a virtual standstill for the past ten months. There is nothing to indicate that this will change in foreseeable future. Moreover, the parties have taken no action in response to the undersigned's order to show cause. Consequently, the undersigned **RECOMMENDS** that the above-entitled action be dismiss without prejudice for want of prosecution and for failure to comply with this court's order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 18th day of March, 2014.

                                          */s/ Charles S. Miller, Jr.*
                                          Charles S. Miller, Jr.
                                          United States Magistrate Judge